1  RENNER OTTO
   KYLE B. FLEMING (BAR NO. 166386)
2  kfleming@rennerotto.com
   1621 Euclid Avenue, Floor 19
3  Cleveland, Ohio 44115
   T: 216.621.1113
4  F: 216.621.6165

5  BYRON RAPHAEL LLP
   JORDAN RAPHAEL (BAR NO. 252344)
6  jraphael@byronraphael.com
   811 Wilshire Blvd., 17th Floor
7  Los Angeles, CA 90017
   T: 213.291.9800
8  F: 213.377.5771

9  Attorneys for Plaintiff
   THERABODY, INC.

10

11            **UNITED STATES DISTRICT COURT**

12            **CENTRAL DISTRICT OF CALIFORNIA**

13                  **SOUTHERN DIVISION**

14

15  THERABODY, INC.,

16                                        Case No. 8:26-cv-00003
                  Plaintiff,
17                                        **COMPLAINT FOR PATENT**
        v.                                **INFRINGEMENT**
18
    HYPER ICE, INC.,                      **JURY TRIAL DEMANDED**
19
                  Defendant.
20

21

22

23

24

25

26

27

28

1.     Plaintiff Therabody, Inc. ("Therabody") alleges as follows for this Complaint for Patent Infringement ("Complaint") against defendant Hyper Ice, Inc. ("Defendant" or "Hyperice"):

## THE PARTIES

2.     Therabody is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 1640 South Sepulveda Boulevard, Suite 300, Los Angeles, California 90025.

3.     On information and belief, Hyperice is a corporation organized and existing under the laws of the State of California, claiming to have its principal place of business at 525 Technology Drive, Suite 100, Irvine, California 92618.

## JURISDICTION AND VENUE

4.     This Complaint arises under 35 U.S.C. §§ 271 *et seq*. This Court has original subject matter jurisdiction pursuant to U.S.C. §§ 1331 and 1338(a).

5.     Hyperice sells the products at issue in this litigation via its website (https://hyperice.com/), Amazon.com, and various retail stores, to consumers in this District, throughout the State of California, and throughout the United States.

6.     This Court has personal jurisdiction over Hyperice because it resides in this District. In addition, this Court has personal jurisdiction over Hyperice because it conducts business in this District; has purposefully availed itself of the rights and benefits of California law; and has substantial, continuous, and systematic contacts with the State of California and this District.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b) because Hyperice has committed acts of infringement in this District and has a regular and established place of business in this District.

## FACTUAL BACKGROUND

8.     In the fall of 2007, Therabody founder Dr. Jason Wersland was involved in a traumatic motorcycle accident that severely damaged his soft tissue. Dr. Wersland, now a trained chiropractor, surveyed the health and wellness market

in search of a technique or product to alleviate his debilitating pain. He found nothing.

9.      Dr. Wersland decided to take matters into his own hands. Curious about the potential ameliorative effects of vibration on the body, Dr. Wersland began deconstructing common tools and developed an experimental device that used a jigsaw as a base motor. As Dr. Wersland continued to experiment with his innovative device, he discovered that certain depths and speeds of percussion were incredibly effective at easing muscle pain. In 2016, after numerous prototypes and almost a decade after Dr. Wersland developed the first version of his innovative percussive therapy device, the Theragun G1 hit the market. By 2019, Dr. Wersland's percussive therapy devices were used by more than 250 sports teams, as well as physical therapists, trainers, and everyday people worldwide.

10.     Today, Therabody is a leading wellness technology pioneer that empowers people around the world to live healthier lives. Therabody has applied for and been issued nearly 600 utility and design patents in the United States and throughout the world.

11.     On August 26, 2025, the United States Patent and Trademark Office duly and lawfully issued United States Patent No. 12,396,919 (the "'919 Patent"), entitled "Percussive Therapy Device With Electrically Connected Attachment." A true and correct copy of the '919 Patent is attached hereto as Exhibit A.

12.     Therabody owns all right, title, and interest in and to the '919 Patent, including the right to bring suit, recover damages, and obtain injunctive relief for past, present, and future patent infringement.

13.     The '919 Patent is valid and enforceable.

14.     Hyperice is offering to sell and/or selling its Hypervolt Go 2 percussion massage device within the United States and in this District.

15.     Hyperice is infringing the '919 Patent by making, using, selling, offering for sale, and/or importing into the United States Hyperice's Hypervolt Go 2

percussion massage device.

16.    Hyperice's Hypervolt Go 2 competes directly against Therabody's massage device products, including but not limited to the Theragun Mini, Theragun Sense, and Theragun Relief.

17.    On December 10, 2025, Therabody sent John Howell, General Counsel of Hyperice, a notice letter by email informing Hyperice that Hyperice is infringing the '919 Patent. The notice letter included a copy of the '919 Patent and claim chart comparing claim 1 of the '919 Patent to the Hypervolt Go 2 percussion massage device.

18.    By at least December 10, 2025, Hyperice knew of the '919 Patent and knew that there was an objectively high likelihood that the continued sale of the Hypervolt Go 2 percussion massage device would constitute infringement of the '919 Patent. Hyperice's continued sales of the Hypervolt Go 2 have been willful, intentional, and have been made with conscious disregard for the '919 Patent.

## COUNT I – PATENT INFRINGEMENT

19.    Therabody realleges and incorporates by reference each of the above paragraphs 1–18 as though fully set forth herein.

20.    Hyperice's Hypervolt Go 2 is a percussive therapy system that includes a percussive therapy device and at least one attachment configured to be operatively connected to the percussive therapy device.

21.    The percussive therapy device of the Hypervolt Go 2 includes a housing.

22.    The percussive therapy device of the Hypervolt Go 2 includes a handle portion.

23.    The percussive therapy device of the Hypervolt Go 2 includes a motor positioned in a housing.

24.    The percussive therapy device of the Hypervolt Go 2 includes a motor configured to output torque about a motor axis.

25.    The percussive therapy device of the Hypervolt Go 2 includes an eccentric shaft configured to travel in a circle about a motor axis in response to activation of the motor.

26.    The percussive therapy device of the Hypervolt Go 2 includes a push rod assembly operatively connected to the motor and configured to reciprocate in response to activation of the motor, wherein the push rod assembly comprises an output shaft configured to travel along a reciprocation axis when the push rod assembly reciprocates, and wherein the reciprocation axis extends transverse to the handle portion on a dividing plane normal to the motor axis.

27.    The percussive therapy device of the Hypervolt Go 2 includes a push rod assembly having a proximal end that is connected to the eccentric shaft at a location offset from the dividing plane in a first direction, wherein the motor extends transverse to the handle portion and away from the dividing plane in a second direction opposite the first direction, and an interior angle defined between the handle portion and the output shaft is obtuse.

28.    The percussive therapy system of the Hypervolt Go 2 includes an attachment configured to be operatively connected to the output shaft of the percussive therapy device.

29.    The claim chart of Exhibit B indicates where each element of claim 1 of the '919 Patent is present in Hyperice's Hypervolt Go 2.

30.    The Hypervolt Go 2 meets each and every limitation of at least claim 1 of the '919 Patent literally or under the doctrine of equivalents.

31.    Hyperice has been infringing and continues to infringe at least claim 1 of the '919 Patent by making, using, selling, or offering for sale in the United States, and/or importing into the United States, the Hypervolt Go 2.

32.    Hyperice therefore directly infringes at least claim 1 of the '919 Patent under 35 U.S.C. § 271(a).

33.    Hyperice's acts of infringement of the '919 Patent have been without

COMPLAINT

express or implied license by Therabody, are in violation of Therabody's rights, and will continue unless enjoined by this Court.

34.     Hyperice's acts of infringement of the '919 Patent have been and continue to be willful.

35.     Hyperice's acts of infringement of the '919 Patent have irreparably harmed and will continue to irreparably harm Therabody.

## **PRAYER FOR RELIEF**

WHEREFORE, Therabody respectfully requests that this Court provide Therabody the following relief:

A.     A judgment that Hyperice has infringed and continues to infringe one or more claims of the '919 Patent;

B.     A judgment that Hyperice's infringement of the '919 Patent has been willful;

C.     An order permanently enjoining Hyperice, its officers, agents, servants, representatives, and employees, and all persons acting in concert with them, and each of them, from infringing the '919 Patent;

D.     A judgment awarding lost profit and/or reasonable royalty damages adequate to compensate Therabody for Hyperice's infringement of the '919 Patent to be determined at trial;

E.     A judgment trebling damages pursuant to 35 U.S.C. § 284 for Hyperice's willful infringement;

F.     A judgment that this case is exceptional and that Hyperice be ordered to pay Therabody's reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

G.     An order requiring Hyperice to pay pre-judgment and post-judgment interest to Therabody;

H.     An order requiring Hyperice to pay all costs associated with this action pursuant to 35 U.S.C. § 284;

I.     An order accounting for any infringing sales not presented at trial and awarding additional damages for any such infringing sales;

J.     An order granting Therabody such other and further relief as the Court deems just and equitable.


Dated:  January 2, 2026                    BYRON RAPHAEL LLP

                                           By: */s/ Jordan Raphael*
                                               Jordan Raphael

                                           JORDAN RAPHAEL (SBN 252344)
                                           jraphael@byronraphael.com
                                           BYRON RAPHAEL LLP
                                           811 Wilshire Blvd., 17th Floor
                                           Los Angeles, CA  90017
                                           T: 213.291.9800
                                           F: 213.377.5771

                                           KYLE B. FLEMING (BAR NO. 166386)
                                           kfleming@rennerotto.com
                                           RENNER OTTO
                                           1621 Euclid Avenue, Floor 19
                                           Cleveland, Ohio  44115
                                           T: 216.621.1113
                                           F: 216.621.6165

                                           *Attorneys for Plaintiff*
                                           THERABODY, INC.

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2

Plaintiff Therabody, Inc. hereby demands a jury trial pursuant to Fed. R. Civ.

3

P. 38 on all issues so triable raised in the Complaint.

4

5

Dated: January 2, 2026                    BYRON RAPHAEL LLP

6

By: */s/ Jordan Raphael*

7

Jordan Raphael

8

JORDAN RAPHAEL (SBN 252344)

9

jraphael@byronraphael.com
BYRON RAPHAEL LLP

10

811 Wilshire Blvd., 17th Floor
Los Angeles, CA  90017

11

Telephone:  213.291.9800
Facsimile:   213.377.5771

12

13

*Attorneys for Plaintiff*
THERABODY, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28