Benjamin A. Herbert (Bar No. 277356)
E-mail: benjamin.herbert@procopio.com
PROCOPIO, CORY, HARGREAVES &
    SAVITCH LLP
200 Spectrum Center Drive
Suite 1650
Irvine, CA 92618
Telephone:  949.383.2997
Facsimile: 619.235.0398

Attorney for Defendant
Hyper Ice, Inc.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| THERABODY, INC., | Case No. 8:26-cv-00003-JWH-KES |
| Plaintiff, | **DEFENDANT HYPER ICE, INC.'S ANSWER AND COUNTERCLAIMS TO AMENDED COMPLAINT** |
| v. | |
| HYPER ICE, INC., | |
| Defendant. | Trial Date: None Set |
| | DEMAND FOR JURY TRIAL |

Defendant Hyper Ice, Inc. ("Hyperice" or "Defendant"), hereby submits the following answer and affirmative defenses to the Amended Complaint ("Complaint") filed by Plaintiff Therabody, Inc. ("Therabody" or "Plaintiff") on February 25, 2026:

<strong><u>ANSWER</u></strong>

Except as hereinafter specifically admitted, qualified, or affirmatively alleged, Hyperice denies each and every allegation, matter, or thing contained in the Complaint and states in response to each of the numbered paragraphs of said Complaint as follows:

1. In response to paragraph 1, Hyperice states as follows:  This paragraph an introductory statement to which no response is required.

<strong>I.    <u>THE PARTIES</u></strong>

2. In response to paragraph 2, Hyperice states as follows:  Admitted.

3. In response to paragraph 3, Hyperice states as follows:  Admitted.

<strong>II.    <u>JURISDICTION AND VENUE</u></strong>

4. In response to paragraph 4, Hyperice states as follows:  Admitted.

5. In response to paragraph 5, Hyperice states as follows:  Admitted.

6. In response to paragraph 6, Hyperice states as follows:  Admitted.

7. In response to paragraph 7, Hyperice states as follows:  Hyperice admits that venue is proper, but Hyperice denies that it has committed acts of infringement of any valid and enforceable claim of the '919 Patent.

<strong>III.    <u>FACTUAL BACKGROUND</u></strong>

8. In response to paragraph 8, Hyperice states as follows:  Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph of the Complaint and, therefore, denies the allegations.

9. In response to paragraph 9, Hyperice states as follows:  Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph of the Complaint and, therefore, denies the allegations.

2

10. In response to paragraph 10, Hyperice states as follows: Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph of the Complaint and, therefore, denies the allegations.

11. In response to paragraph 11, Hyperice states as follows: Hyperice admits that the United States Patent and Trademark Office issued United States Patent No. 12,396,919 (the "'919 Patent") on August 26, 2025 attached as Exhibit A to the Complaint. Hyperice denies that the '919 Patent was lawfully issued.

12. In response to paragraph 12, Hyperice states as follows: Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph of the Complaint and, therefore, denies the allegations.

13. In response to paragraph 13, Hyperice states as follows: Denied.

14. In response to paragraph 14, Hyperice states as follows: Admitted.

15. In response to paragraph 15, Hyperice states as follows: Denied.

16. In response to paragraph 16, Hyperice states as follows: Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph of the Complaint and, therefore, denies the allegations.

17. In response to paragraph 17, Hyperice states as follows: Hyperice admits that Therabody sent the letter referenced in this paragraph of the Complaint, but Hyperice denies that it infringes any valid and enforceable claim of the '919 Patent.

18. In response to paragraph 18, Hyperice states as follows: Denied.

19. In response to paragraph 19, Hyperice states as follows: Hyperice admits that Therabody filed an original Complaint against Hyperice on January 2, 2026, but Hyperice denies that it infringes any valid and enforceable claim of the '919 Patent.

20. In response to paragraph 20, Hyperice states as follows: Denied.

## <u>COUNT I – PATENT INFRINGEMENT</u>

21. In response to paragraph 21, Hyperice states as follows: Hyperice realleges and incorporates by reference its responses to paragraphs 1 through 20 of the Complaint.

ANSWER AND COUNTERCLAIMS
CASE NO. 8:26-CV-00003

22.     In response to paragraph 22, Hyperice states as follows:  Based on the allegations of this paragraph, the meaning of "percussive therapy system" is unclear; thus, Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph of the Complaint and, therefore, denies the allegations.

23.     In response to paragraph 23, Hyperice states as follows:  Based on the allegations of this paragraph, the meaning of "housing" is unclear; thus, Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph of the Complaint and, therefore, denies the allegations.

24.     In response to paragraph 24, Hyperice states as follows:  Based on the allegations of this paragraph, the meaning of "handle portion" is unclear; thus, Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph of the Complaint and, therefore, denies the allegations.

25.     In response to paragraph 25, Hyperice states as follows:  Based on the allegations of this paragraph, the meanings of "housing" and "positioned in a housing" are unclear; thus, Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph of the Complaint and, therefore, denies the allegations.

26.     In response to paragraph 26, Hyperice states as follows:  Based on the allegations of this paragraph, the meaning of "configured to output torque about a motor axis" is unclear; thus, Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph of the Complaint and, therefore, denies the allegations.

27.     In response to paragraph 27, Hyperice states as follows:  Based on the allegations of this paragraph, the meaning of "eccentric shaft configured to travel in a circle about a motor axis" is unclear; thus, Hyperice is without sufficient information

4

or knowledge to form a belief as to the truth of the allegations of this paragraph of the Complaint and, therefore, denies the allegations.

28. In response to paragraph 28, Hyperice states as follows: Based on the allegations of this paragraph, the meaning of "push rod assembly operatively connected to the motor and configured to reciprocate in response to activation of the motor, wherein the push rod assembly comprises an output shaft configured to travel along a reciprocation axis when the push rod assembly reciprocates, and wherein the reciprocation axis extends transverse to the handle portion on a dividing plane normal to the motor axis" is unclear; thus, Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph of the Complaint and, therefore, denies the allegations.

29. In response to paragraph 29, Hyperice states as follows: Based on the allegations of this paragraph, the meaning of "push rod assembly having a proximal end that is connected to the eccentric shaft at a location offset from the dividing plane in a first direction, wherein the motor extends transverse to the handle portion and away from the dividing plane in a second direction opposite the first direction, and an interior angle defined between the handle portion and the output shaft is obtuse" is unclear; thus, Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph of the Complaint and, therefore, denies the allegations.

30. In response to paragraph 30, Hyperice states as follows: Based on the allegations of this paragraph, the meaning of "attachment configured to be operatively connected to the output shaft" is unclear; thus, Hyperice is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph of the Complaint and, therefore, denies the allegations.

31. In response to paragraph 31, Hyperice states as follows: Based on its understanding of the relevant prior art, and on the claim constructions that the Court would have to adopt to render each claim of the '919 Patent not invalid, Hyperice

ANSWER AND COUNTERCLAIMS
CASE NO. 8:26-CV-00003

denies that each element of claim 1 of the '919 Patent is present in Hyperice's Hypervolt Go 2.

32.   In response to paragraph 32, Hyperice states as follows:  Based on its understanding of the relevant prior art, and on the claim constructions that the Court would have to adopt to render each claim of the '919 Patent not invalid, Hyperice denies the Hypervolt Go 2 meets each and every limitation of claim 1 of the '919 Patent literally or under the doctrine of equivalents.

33.   In response to paragraph 33, Hyperice states as follows:  Denied.

34.   In response to paragraph 34, Hyperice states as follows:  Denied.

35.   In response to paragraph 35, Hyperice states as follows:  Denied.

36.   In response to paragraph 36, Hyperice states as follows:  Denied.

37.   In response to paragraph 37, Hyperice states as follows:  Denied.

## AFFIRMATIVE DEFENSES

The following affirmative defenses are asserted by Defendant without admitting that Plaintiff sustained any damages or detriment, or that Defendant is liable to Plaintiff in any manner whatsoever.  Defendant reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.  To the extent any of the following defenses may more properly be characterized as elements of Plaintiff's claims that Plaintiff cannot meet his burden to prove, by asserting such defenses herein, Defendant does not assume the burden of proof thereof.

## FIRST AFFIRMATIVE DEFENSE
## (NON-INFRINGEMENT)

Hyperice does not infringe and has not infringed, either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '919 Patent.

ANSWER AND COUNTERCLAIMS
CASE NO. 8:26-CV-00003

## SECOND AFFIRMATIVE DEFENSE

### (INVALIDITY)

The '919 Patent is invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including §§ 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CLAIM)

Therabody's Complaint fails to state a claim upon which relief can be granted, including, but not limited to, failure of the Complaint to meet the standard for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## FOURTH AFFIRMATIVE DEFENSE

### (NO ATTORNEYS' FEES)

Therabody is not entitled to recover attorneys' fees associated with this action under 35 U.S.C. § 285 or costs associated with this action under 35 U.S.C. § 288.

## FIFTH AFFIRMATIVE DEFENSE

### (PROSECUTION HISTORY ESTOPPEL)

Therabody's claims of patent infringement under the doctrine of equivalents, if any, are barred in whole or in part by the doctrine of prosecution history estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (ENSNAREMENT)

Therabody's claims of patent infringement under the doctrine of equivalents, if any, are barred under the doctrine of ensnarement.

## SEVENTH AFFIRMATIVE DEFENSE

### (EQUITABLE DOCTRINES)

Therabody is barred or limited from recovery in whole or in part by the equitable doctrines of waiver, estoppel, acquiescence, patent misuse, laches, and/or unclean hands.

7

## EIGHTH AFFIRMATIVE DEFENSE

### (NO INJUNCTION)

To the extent injunctive relief is sought, Therabody is not entitled to an injunction because Therabody is not likely to prevail on the merits, has not suffered and will not suffer irreparable harm due to Hyperice's conduct, and Therabody has an adequate remedy at law.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Counterclaimant Hyper Ice, Inc. ("Hyperice") alleges as follows against Counter-Defendant Therabody, Inc. ("Therabody"):

### I.    THE PARTIES

38.    Hyperice is a California corporation with its principal place of business at 525 Technology Drive, Suite 100, Irvine, California 92618.

39.    Therabody is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 1640 S. Sepulveda Blvd., Suite 300, Los Angeles, CA 90025.

### II.    JURISDICTION AND VENUE

40.    This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202. This court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

41.    Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400. By filing its Complaint in this District, Therabody has consented to personal jurisdiction and venue.

### III.    BACKGROUND

42.    On January 2, 2026, Therabody filed suit against Hyperice in this District, alleging infringement of the '919 Patent.

43.    On February 25, 2026, Therabody filed an Amended Complaint ("Complaint"), alleging infringement of the '919 Patent.

ANSWER AND COUNTERCLAIMS
CASE NO. 8:26-CV-00003

44. Hyperice denies that the accused product, the Hypervolt Go 2, infringes any valid and enforceable claim of the '919 Patent.

45. An actual case and controversy exists between Therabody and Hyperice concerning the alleged infringement, validity, and/or enforceability of the '919 Patent, and that controversy is ripe for adjudication by this Court.

## COUNT I – NON-INFRINGEMENT

46. Hyperice incorporates by reference the admissions, denials, and allegations set forth in paragraphs 1 through 45 as if fully set forth herein.

47. Hyperice has not infringed and is not infringing, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '919 Patent.

48. An actual controversy exists between Therabody and Hyperice as to whether Hyperice infringes the '919 Patent, as Therabody contends, or does not do so, as Hyperice contends.

49. Hyperice has been injured and damaged by Therabody's filing of a lawsuit against Hyperice based on a patent that Hyperice does not infringe.

50. Hyperice therefore seeks a declaration that it does not infringe any valid and enforceable claim of the '919 Patent.

## COUNT II – INVALIDITY

51. Hyperice incorporates by reference the admissions, denials, and allegations set forth in paragraphs 1 through 50 as if fully set forth herein.

52. One or more of the claims of the '919 Patent are invalid for failing to meet the conditions for patentability under 35 U.S.C. §§ 1 *et seq.*, including §§ 101, 102, 103, and/or 112.

53. An actual controversy exists between Hyperice and Therabody as to whether the '919 Patent is valid, based on Therabody having filed its Complaint against Hyperice.

54. Hyperice has been injured and damaged by Therabody's filing of a lawsuit asserting an invalid patent.

ANSWER AND COUNTERCLAIMS
CASE NO. 8:26-CV-00003

55.    Hyperice therefore seeks a declaration that one or more claims of the '919 Patent are invalid for failing to meet the conditions for patentability under 35 U.S.C. §§ 1 *et seq.*

### IV.    PRAYER FOR RELIEF

WHEREFORE, Hyperice respectfully requests the following relief:

1.    A judgment that Therabody take nothing by virtue of its Complaint, and that the Court enter judgment in favor of Hyperice and against Therabody on Therabody's Complaint.

2.    A judgment and declaration that Hyperice has not infringed, literally or by the doctrine of equivalents, any valid and enforceable claim of the '919 Patent.

3.    A judgment and declaration that Hyperice has not willfully infringed the'919 Patent.

4.    A judgment and declaration that all claims of the '919 Patent are invalid and/or unenforceable.

5.    A judgment and declaration that that this case is exceptional under 35 U.S.C. § 285 and an award to Hyperice of its reasonable costs and expenses of litigation, including attorneys' fees and prejudgment interest.

6.    A judgment limiting or barring Therabody's ability to enforce the '919 Patent in equity.

7.    Such other relief as the Court shall deem just and proper.

DATED: March 11, 2026                PROCOPIO, CORY, HARGREAVES & SAVITCH LLP


By:    */s/Benjamin A. Herbert*
       Benjamin A. Herbert

       Attorney for Defendant
       Hyper Ice, Inc.

10

## <u>JURY DEMAND</u>

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Hyperice respectfully requests a jury trial of all issues triable to a jury in this action.

DATED: March 11, 2026          PROCOPIO, CORY, HARGREAVES & SAVITCH LLP


By: _/s/Benjamin A. Herbert_
         Benjamin A. Herbert

         Attorney for Defendant
         Hyper Ice, Inc.

11

ANSWER AND COUNTERCLAIMS
CASE NO. 8:26-CV-00003